```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :
                                            :      CASE NO. 1:09-CR-00539
            Plaintiff,                      :
                                            :
v.                                          :      OPINION & ORDER
                                            :      [Resolving Doc. 47.]
BILLY COOPS,                                :
                                            :
            Defendant.                      :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Billy R. Coops petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2255. Coops pleaded guilty to being a felon in possession of a firearm, possession with intent to distribute cocaine, and use of a firearm during a drug trafficking offense. Coops initially sought to enter a guilty plea under an agreement with the Government that recommended a fifteen year sentence. The Court rejected this plea because, given Coops's prior convictions, the fifteen-year sentence was below the statutory minimum. Coops later entered a guilty plea on the charge and received a twenty-five-year sentence—the statutory minimum. Coops now says that his attorney rendered unconstitutionally ineffective assistance of counsel by failing to obtain the fifteen-year plea agreement. The Government responds that no sentence other than the twenty-five-year sentence was possible given the charges against Coops. The Court agrees with the Government. The Court finds that Coops's Counsel was not ineffective and **DENIES** Coops's petition.

**I.**

A grand jury indicted Coops for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), possession with the intent to distribute cocaine, in violation of 21 U.S.C.

Case No. 1:09-CR-00539
Gwin, J.

§ 841(a)(1) and (b)(1)(c), and using a firearm during a drug-trafficking crime, in violation of 18 U.S.C. § 924(c).[1] On February 16, 2010, Coops entered guilty pleas to all three charges.[2] Under the plea agreement, Coops and the United States agreed to recommend a sentence of fifteen years pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[3] Nonetheless, Coops acknowledged that he could be subject to life imprisonment for these charges.[4] Coops also acknowledged that the Court would make the final determinations on sentencing.[5]

At sentencing, the Court informed Coops that it could not accept the recommended sentence because it violated the mandatory minimum sentence of twenty-five years dictated by 18 U.S.C. § 924(c)(1)(C)(i).[6] The Court granted a continuance and gave Coops the options of withdrawing his plea or going forward with sentencing based on the applicable minimum sentence.[7] The Court acknowledged that but for the statutory minimum from the § 924(c) charge, it would have imposed a fifteen-year sentence.[8] But the Government informed the Court that it would not agree to drop the § 924(c) charge.[9] Coops acknowledged these constraints and entered a guilty plea to all three

---

[1] [Doc. 1.]

[2] [Doc. 38 at 22.]

[3] [Doc. 39 at 2.]

[4] [Doc. 38 at 5-7.]

[5] [Doc. 38 at 15.]

[6] [Doc. 39 at 2.]

[7] [Doc. 39 at 2.]

[8] [Doc. 40 at 9-10.]

[9] [Doc. 40 at 2-3.]

Case No. 1:09-CR-00539
Gwin, J.

counts.[10/] The Court imposed no sentence on the first two counts, but a sentence of 300 months on Count 3, the § 924(c) charge.[11/]

Coops appealed, and the Court of Appeals affirmed.[12/] The Sixth Circuit held that the Court did not abuse its discretion in rejecting the plea agreement and that the proposed fifteen-year sentence would have been below the statutory minimum, and thus illegal.[13/]

Coops now petitions for a writ of habeas corpus. He makes three claims for relief. First, he says that his counsel was ineffective for failing to obtain this Court's approval of the agreed-upon fifteen-year sentence. Second, he says that his appellate counsel should have argued that this conviction did not constitute a second conviction so as to trigger § 924(c)'s statutory minimum. Finally, Coops says that under the rule of lenity, this was not his second conviction under § 924(c).

**II.**

United States Code Title 28, Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that violates federal law.[14/] Section 2255 provides four grounds to challenge a conviction or sentence: "(1) The sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack."[15/]

---

[10/][Doc. 40 at 11-12.]

[11/][Doc. 46.]

[12/][Doc. 43.]

[13/][Doc. 42.]

[14/]See In re Gregory, 181 F.3d 713, 714 (6th Cir.1999).

[15/]28 U.S.C. § 2255.

Case No. 1:09-CR-00539
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[16] A § 2255 motion alleging a non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."[17] The Court may summarily deny a motion to vacate if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief.[18]

As a general rule, a habeas petitioner may not seek to relitigate an argument raised unsuccessfully on direct appeal, or raise an argument that he could have but did not raise on direct appeal.[19] An ineffective assistance of counsel claim, however, is not subject to this rule and may be raised in a § 2255 motion whether or not the petitioner could have raised the claim on direct appeal.[20]

To show ineffective assistance of counsel, a convicted party must establish both "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for that deficiency, the outcome of the proceeding would have been

---

[16] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[17] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (internal quotation marks removed).

[18] *Smith v. United States*, 348 F.3d 545, 550 (6th Cir.2003).

[19] *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999); *see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

[20] *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.").

Case No. 1:09-CR-00539
Gwin, J.

different."[21] A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[22]

### III.

**A. Ineffective Assistance of Counsel During Plea Bargaining**

Coops first says that after "the District Court's rejection fo the plea agreement, counsel's failure to ensure the Rule 11(c)(1)(C), [sic] constitutes ineffective assistance of counsel at a 'critical' stage of the plea negotiation and plea advice of the criminal proceeding."[23] While Coops is correct that his counsel erred by telling him that he could receive a fifteen-year sentence while pleading guilty to the § 922(c) charge, he cannot succeed under *Strickland*'s prejudice prong. First, the Court informed Coops of his counsel's error, told Coops that he faced a twenty-five year mandatory minimum sentence on the § 922(c) charge, and gave Coops the options of withdrawing his plea and proceeding to trial or pleading guilty.[24] Thus, when Coops ultimately decided to plead guilty, he was in the same situation as if his counsel had not rendered the appealing—yet erroneous—advice that Coops could receive a fifteen-year sentence. And, accordingly, Coops cannot show a reasonably probability that but for his counsel's error, the result would have been different.

Coops cites *Missouri v. Frye*[25] for the proposition that because he received a less favorable plea bargain than initially offered, his counsel was ineffective. But *Frye* actually shows exactly why Coops's ineffective assistance of counsel claim cannot succeed. Under *Frye*,

---

[21] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[22] *Id*.

[23] [Doc. 47 at 4.]

[24] [Doc. 39 at 2.]

[25] 132 S. Ct. 1399 (2012).

Case No. 1:09-CR-00539
Gwin, J.

> defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.[26]

Here, the Court rejected the plea bargain that Coops sought to enter because it required a sentence not allowed by federal law. Thus Coops cannot show prejudice from his counsel's mistaken advice.

Faced with the twenty-five year sentence on § 922(c), Coops also seems to suggest that his counsel should have negotiated for the Government to drop this charge, allowing him to plead guilty only to the first two counts and receive a fifteen-year sentence.[27] While the Court agrees that a fifteen-year sentence would have been more just in this case, Coops's counsel was not ineffective for failing to convince the Government to drop the charge. Simply described, wisely or not, the Government exercised discretion committed to the Government. The Sixth Amendment does not guarantee a particular result.

**B. Ineffective Appelate Counsel and the Rule of Lenity**

Coops also says that his appellate counsel was ineffective by failing to argue that this was not his "second or subsequent conviction" under § 924(c). The Court has some difficulty understanding Coops's argument. But the law on this point is settled, and shows the Coops is not entitled to relief. Coops had previously been convicted of using a firearm during a drug transaction in the United States District Court for the Southern District of Ohio in case number 2:91CR134.[28] Thus, the conviction in this case was Coops's "second . . . under this subsection," subjecting him to

---

[26] *Id.* at 1409.

[27] [Doc. 55 at 10.]

[28] [Doc. 12 at 3-4; Doc. 38 at 20-21.]

Case No. 1:09-CR-00539
Gwin, J.

a twenty-five year minimum sentence.  Under the facts of Coop's case, there is no ambiguity, and his counsel was not deficient for failing to argue that there was.  *Deal v. United States*, on which Coops relies, dealt with a different situation: multiple § 924(c) charges in the same indictment.[29]  And, moreover, *Deal* held that multiple § 924(c) charges brought in the same indictment do serve as the predicate for § 924(c)'s statutory minimum sentences, the rule of lenity notwithstanding.[30]

The twenty-five year sentence that Coops is serving is harsh.  But Congress has chosen this result.  And the Court lacks the discretion to override Congress's course.

### IV.

For these reasons the Court **DENIES** Coops's petition.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: June 13, 2013              s/        *James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[29] 508 U.S. 129 (1993).

[30] *Id.* at 137.